Samuel Lee BUTLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 45131.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 27, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

James C. Jones, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The sole issue here is the denial of movant-defendant's Rule 27.26 motion. It chal-

lenges the trial judge's refusal to disqualify himself.

The issue focuses on which of two disqualifying methods—statute or court rule—was in effect on the date of trial, January 5, 1981.

By his motion defendant swore Judge Charles Kitchen was prejudiced. The judge denied it on the ground it was unsupported by adequate bystander affidavits. This was a proper ruling under the statutory method, Section 545.660, RSMo.1979.

Defendant relies on Rule 30.12 V.A.M.R., a simplified method of disqualification enacted June 13, 1979, to become effective January 1, 1980. However, on November 21, 1979 the supreme court suspended the effective date of Rule 32; it was not to become effective until further court order. The rule which replaced Rule 30.12 was Rule 32.07, to become effective January 1, 1982.

So, at the time of trial on January 5, 1981 there was no disqualification court rule in effect. However, this absence left in effect the unrepealed statutory method of disqualification, Section 545.660 RSMo., with which defendant had not complied. In denying defendant's Rule 27.26 motion Judge Kitchen so declared and pointed to Rule 19.04 V.A.M.R. declaring that if no procedure is set out by court rule applicable statutes apply.

We hold the trial court did not err in denying defendant's motion to disqualify the trial judge; accordingly the motion court did not err in denying defendant's Rule 27.26 motion.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.